IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02255-MSK-MJW

SHANTELL HONEST,

      Plaintiff,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF YOUTH
CORRECTIONS,

      Defendant.

## STIPULATED PROTECTIVE ORDER (Docket No 19-1)

Upon a showing of good cause in support of the entry of a protective order to
protect the discovery and dissemination of Confidential Information, IT IS
HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and
information appropriately designated as Confidential as outlined in paragraphs 3
through 7 herein.  This includes without limitation, documents produced, answers
to interrogatories, responses to requests for admission, deposition testimony, and
other information or documents disclosed pursuant to the disclosure or discovery
duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "Confidential" shall be information that is confidential, trade secret, or implicates common law and/or statutory privacy interests of current or former youth residents, employees, representatives or agents of Colorado Department of Human Services, Division of Youth Corrections ("DHS") including but not limited to Plaintiff Shantell Honest, as well as third parties who have had contact with the Division of Youth Corrections. Designation of information as Confidential shall not affect its discoverability. Confidential Information shall be used for the sole, strict and limited purpose of the preparation and trial of this action and shall not be used for any other purpose.

4.      Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)      attorneys actively working on this case;

    (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)      the Parties, including designated representatives for DHS;

2

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and/or its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

(h)     other persons by written agreement of all the Parties.

5.     Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order.

6.     Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential." Any document designated as Confidential must have been reviewed by an attorney who made a good faith determination that the document is entitled to protection.

7.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation

3

shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not be thereafter treated as Confidential in accordance with this Protective Order.

9.     At the conclusion of this case, including completion of all possible appellate procedures, each document and all copies thereof which have been designated as Confidential shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy Confidential documents at the

4

conclusion of the time required by the rules governing attorneys for maintenance of such documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

10. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its Confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under ~~seal~~" *Restricted Access* or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to file the documents under ~~seal.~~ *Restricted Access.* Any motion requesting leave to file documents under ~~seal~~ *Restricted Access.* shall comply with the requirements of D.C.COLO.LCivR 7.2.

*MJ Will*
*3 2-16*

11. Nothing in this Protective Order shall be construed to prevent a party from using Confidential Information during depositions, during a Court hearing, or at the trial of this matter. Procedures for the protection of Confidential matters at trial, if any, shall be arrived at separately by the parties or otherwise determined by the Court in advance of trial.

12. Notwithstanding any other provision of this Order to the contrary, no party is precluded from sharing any Confidential Information or document(s) with any lawfully constituted government or enforcement authority, pursuant to a lawful

5

subpoena or request under the Colorado Open Records Act, provided, however, that reasonable notice shall be given to the other party prior to any such disclosure.

13.    The inadvertent or unintentional disclosure by the supplying party of Confidential Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

14.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

ORDERED this 2ᵗʰ day of March, 2016.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

STIPULATED TO AND APPROVED AS TO FORM this 2nd day of March, 2016.

APPROVED:

CYNTHIA H. COFFMAN
Attorney General

s/ Scott F. Reese
SCOTT F. REESE

Scott F. Reese, P.C.
795 W. Birch Court, Suite 100
Louisville, CO 80027
Email: scottfreese@juno.com
Attorney for Plaintiff

s/ Melisa Panagakos
MELISA PANAGAKOS
Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Denver, CO 80203
Email: melisa.panagakos@coag.gov
Attorneys for Defendants Colorado Department of Hu
Youth Corrections

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02255-MSK-MJW

SHANTELL HONEST,

      Plaintiff,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF YOUTH
CORRECTIONS,

      Defendant.

---

## EXHIBIT A: CONFIDENTIALITY AGREEMENT
## STIPULATED PROTECTIVE ORDER CONCERNING
## CONFIDENTIAL INFORMATION

---

      I hereby acknowledge that I have read the Protective Order relating to

Confidential Information entered in *Shantell Howard v. Colorado Department of*

*Human Services, Division of Youth Corrections*, Civil Action No. 15-cv-002255-MSK-

MJW, and agree to be bound by its terms.


DATE: _____


                                      _____
                                      Signature

                                      _____
                                      Print Name


My current address is: _____